MRS. MIKE MCLAUGHLIN *vs.* A. B. COHEN.

Aroostook.    Opinion, June 3, 1941.

*Albert F. Cook,* for plaintiff.

*M. P. Roberts,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

WORSTER, J.   On exceptions to the acceptance of a referee's report.

This is an action of deceit. Hearing was had before a referee, with the right of exceptions reserved on questions of law. The referee ruled that the action could not be maintained, and that judgment should be rendered for the defendant. The case is brought here on the plaintiff's exceptions.

The facts are not in dispute. Briefly stated, sometime in May, 1930, the defendant purchased potatoes of the plaintiff, for which the defendant agreed to pay the plaintiff $1,500, presumably in cash, as soon as they were delivered.

June 10, 1930, after the potatoes had been fully delivered, the defendant gave his check for $1,500 to the plaintiff, but on presentation thereof to the bank on which it was drawn, payment was refused on the ground of insufficient funds. Of this the defendant was given immediate notice, yet he did not, within five days after receiving such notice, pay the amount of the check to the bank or to the plaintiff.

March 13, 1934, the defendant paid $100 on account of said check. November 13, 1934, he filed a petition in bankruptcy. It

appears from the agreed statement that "the check in question was scheduled in the list of creditors," but the plaintiff did not prove her claim in the bankruptcy court. On February 21, 1935, the defendant received his discharge in the bankruptcy proceedings, and that discharge is pleaded here in defense, by way of brief statement, under the plea of the general issue. The plaintiff, however, by replication, contends that the defendant's "discharge in bankruptcy does not release him from liability on said check."

The record discloses that after the defendant received his discharge, he "acknowledged that he owed said check and promised to pay same as fast as he could," and, before this action was commenced, he paid on account thereof further sums aggregating $150. Since this suit was brought, he paid another $100.

But this is not an action on the check. This action is based on alleged fraud and deceit.

It is not alleged, however, that the defendant fraudulently obtained possession of the potatoes with a preconceived intention not to pay for them. It is only alleged, in substance, that on June 10, 1930, "after the said potatoes were fully delivered to said Cohen," he falsely and fraudulently pretended and represented that he had $1,500 on deposit in the bank on which the check in question was drawn, then well knowing that such was not the fact; that the plaintiff, believing said representation to be true, and relying thereon, was induced to, and did accept said check in payment of said potatoes, but payment of said check was refused because of insufficient funds, whereby the plaintiff lost the sum of $1,500.

It is apparent that the gravamen of the plaintiff's complaint is not that the defendant obtained the potatoes from the plaintiff by fraud and deceit; but that, after the potatoes had all been delivered to the defendant, the plaintiff was induced by alleged fraud on the part of the defendant, to accept his check in payment of the amount due for the potatoes, whereby she lost the purchase price thereof.

And the plaintiff contends that in the circumstances, the facts alleged make out a prima facie case of deceit under the provisions of R. S., Chap. 138, Sec. 14. But that statute has reference only to criminal proceedings. It has no application to a civil action like the instant case.

*Berry* v. *State*, 153 Ga., 169, 111 S. E., 669, 35 A. L. R., 370 (cited in 22 Am. Jur., 481), discussed by both counsel in their briefs, is not in point. That is not a civil case, but a criminal prosecution commenced by indictment, so it is unnecessary to discuss it here.

There is nothing in this record to indicate that, before the delivery of the potatoes, the defendant made any representations, express or implied, as to any check, or any bank deposit, or that he even intimated in any manner whatsoever that he contemplated paying by check instead of cash.

Fraud is not presumed, and here the plaintiff has the burden of showing, among other things, not only that she was deceived by a false representation made by the defendant, but that she was induced thereby to give credit or to part with property. *Eastern Trust & Banking Company* v. *Cunningham*, 103 Me., 455, 70 A., 17.

In the instant case, however, the referee found that:

"... the defendant obtained possession of the property under his contract and agreement to pay in the future and not by reason of the issuance of the check. The defendant obtained no property by giving the check."

Notwithstanding this, the plaintiff, relying on *Eastern Trust & Banking Company* v. *Cunningham*, supra, contends that the giving of the check in the case at bar, without funds in the bank to meet the same, was a false representation that it was drawn against available funds, by means of which the plaintiff was defrauded, and so this action of deceit will lie.

That contention, on the facts presented, is not supported by the cited case, where the court said:

"The false representation relied upon here is the representation which ordinarily is implied by the drawer of a check when he delivers it to the payee, that it is drawn against available funds, or that there are funds in the drawee bank to meet it. The same implied representation arises when one deposits to the credit of his account in one bank his own check drawn upon another bank. Because of this implied representation, it is a fraud on the part of the drawer to draw a check upon a bank where there are no funds to meet it."

It there appeared that the plaintiff bank, believing and relying upon such false representations, was induced to, and did give a depositor money, or the use of money, on checks drawn by the latter and "kited" from one bank to another, when the depositor well knew there were insufficient funds in the banks on which the checks were drawn to meet them, and the court held that an action of deceit might be maintained by the defrauded bank.

That is not the instant case. In the case last cited, it appeared that the money, or the use of money, was obtained by checks. In the present case the referee found that "the defendant obtained no property by giving the check," and that finding is supported by the evidence. So the plaintiff has failed to show that she was induced by any alleged fraud to give credit, or part with any property.

But, the plaintiff claims that by accepting the check, she lost the $1,500 which should have been paid to her in cash, for the potatoes. That contention cannot be sustained. Before the bankruptcy proceedings were commenced, she had the right to sue on the check, or, after the check was dishonored, she might have brought an action to recover the purchase price of the potatoes, or on the check itself, at her option. 5 R. C. L., pages 544, 545.

The plaintiff, still further contending, claims, in substance, that the contract in the instant case was a single, entire one for

the sale of potatoes, to be paid for in cash after all had been delivered, and title was not to pass until they were paid for; that the check was accepted in payment upon condition that it would be paid upon presentation to the bank upon which it was drawn, and that title to the potatoes would not pass until the check was paid.

*Young* v. *Harris-Cortner Co. et al.*, 152 Tenn., 15, 268 S. W., 125, 54 A. L. R., 516, is cited in support of that contention. In that case, the action was not for deceit, but for the possession of cotton on the ground that the title had not passed because the checks given therefor had been dishonored. That is not in point here.

For the same reason, the plaintiff's contention is not supported by *Stone et al.* v. *Perry*, 60 Me., 48. That was an action of replevin.

Even assuming that where payment is not made on delivery of personal property sold for cash, the seller may assert his title thereto, in the absence of waiver (see *Pyrene Manufacturing Company* v. *Burnell et al.*, 127 Me., 503, 144 A., 649) , yet the right to assert title to property which had been delivered, and bring an action to recover the possession thereof, does not confer upon the plaintiff the right to bring and maintain an action of deceit, in the absence of any of the elements necessary to be shown in order to constitute deceit.

It is unnecessary to discuss the cases further. The plaintiff, not having shown that she was defrauded of anything by the issuance of the check in question, cannot maintain this action of deceit against the defendant.

The conclusion of the referee is amply sustained by the facts set forth in the agreed statement which is incorporated in the record.

The plaintiff takes nothing by her exceptions.

*Exceptions overruled.*